RAMIREZ, J.
United Automobile Insurance Company, Inc. petitions this Court for a writ of cer-tiorari seeking to quash an order of the circuit court acting in its appellate capacity which concluded that respondent William V. Tejeiro, M.D., P.A., a medical provider/assignee, was entitled as a matter of law to recover from United the reasonable value of the services it rendered to United’s insured based on a quantum meruit theory, irrespective of United’s pending affirmative defenses. We grant the petition because the circuit court’s order exceeded the relief sought.
As respondent Tejeiro appropriately concedes, Tejeiro did not plead, or otherwise brief below during the appeal from a dismissal order, that it was entitled to recover payment from United for medical services rendered to United’s insured five (5) months after the accident based upon a quasi-contract or quantum meruit theory. On this basis, the circuit court departed from the essential requirements of the law. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000) (relief may be granted if it is determined that the circuit court departed from the essential requirements of law which resulted in a miscarriage of justice).
We therefore grant the petition, quash the order under review, with directions to remand to the county court to reinstate the Complaint and to conduct further proceedings on the merits in accordance with the issues as raised in the pleadings, and to grant the medical provider’s motion for attorney’s fees conditioned upon its ultimate success on the merits with respect to recovery under the policy.
Certiorari granted; order quashed; and remanded with directions.